█    In the Matter of RAFAEL D. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Kings County, dated June 27, 1972, which placed appellant on probation, based upon an adjudication that he is a juvenile delinquent, made after a hearing. Order affirmed, without costs. No opinion. Martuscello, Acting P. J., Latham, Shapiro and Brennan, JJ., concur; Christ, J., dissents and votes to reverse the order and to order a new hearing, with the following memorandum: Following a hearing, at which appellant did not testify, the Family Court held that he had committed an act which, if committed by an adult, would constitute the crime of robbery. Just moments after the adjudication of guilt, the court, in remarks made to appellant's attorney, implied that appellant had a duty to take the stand and assert his innocence. It cannot be said beyond a reasonable doubt that the hearing court did not base its finding of guilt, at least in part, upon the failure of appellant to testify. This constitutes reversible error, since a drawing of an adverse inference from an accused's failure to testify is unconstitutional in that it deprives the accused of his Fifth Amendment right to remain silent (*Griffin* v. *California*, 380 U. S. 609; *Chapman* v. *California*, 386 U. S. 18).

█    GLORIA L. LEWIS, an Infant, by Her Parents, GLORIA E. LEWIS and Another, et al., Appellants, v. NANCY RIVERS et al., Respondents.— In a negligence action to recover damages for personal injuries sustained by the three infant plaintiffs and by their mother for medical expenses, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered October 29, 1971, in favor of defendants, upon the trial court's dismissal of the complaint at the end of plaintiffs' case, upon a jury trial of the issues of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. The injuries of the infant plaintiffs were allegedly caused by defendants' automobile which swerved from its lane of travel into the opposite shoulder of the roadway and struck the children, who were walking along said shoulder. The accident occurred on August 27, 1963 at about 3:00 P.M. At the trial, plaintiffs' only witness was a police officer who testified that he arrived at the scene shortly after the accident had occurred and was told by the defendant driver that he had just pulled out of a gasoline station, that his accelerator had jammed and that he had swerved off the opposite side of the road and had struck the children. The infant plaintiffs did not take the stand; nor were they present in court at the time of trial. The ground upon which the trial court granted defendants' motion to dismiss the complaint was that plaintiffs had failed to make out a prima facie case of negligence. We disagree. In our opinion, the statement of the defendant driver to the police officer was sufficient to require the case to go to the jury on the issue of defendants' negligence (*Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132). Hopkins, Acting P. J., Munder, Latham, Gulotta and Benjamin, JJ., concur.